| | |
|---|---|
| **DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO**<br><br>**Jefferson Combined Court**<br>**100 Jefferson County Parkway**<br>**Golden, Colorado 80401** | DATE FILED: February 11, 2019 9:29 AM<br>FILING ID: F229AF5BC225C<br>CASE NUMBER: 2019CV30228<br><br><br>▲COURT USE ONLY▲ |
| **Plaintiff(s):**<br>Cynthia Miller, an individual,<br>**v.**<br><br>**Defendant(s):**<br>Amazon.com Services, Inc., doing business as Amazon, Inc., doing business as Amazon Fulfillment Services, Inc., a Foreign Corporation, Trinity Couriers of Denver, Inc, also known as Trinity Couriers, a Colorado Corporation, John Doe, an unknown individual, and ABC Corporation, an unknown corporation. | **Case Number:**<br><br><br>**Courtroom:** |
| Timur G. Kishinevsky, Atty. No. 31085<br>Gordon Westmont, Atty. No. 45087<br>**Law Office of Timur Kishinevsky**<br>2851 S. Parker Rd., Suite 150<br>Aurora, Colorado  80014<br>Phone Number: 720-748-8888<br>Fax Number: 720-748-8894<br>tkish@coloradolawteam.com<br>Gordon@coloradolawteam.com | |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff Cynthia Miller, by and through her counsel, Timur Kishinevsky, of The Law Office of Timur Kishinevsky, LLC, and for her complaint against Defendant hereby state and allege as follows:

## PARTIES

1. Cynthia MIller ("Plaintiff") is an individual that currently resides Jefferson County Colorado.

2. Trinity Couriers of Denver, Inc, also known as Trinity Couriers, is a Colorado Corporation. At all times relevant o this Complaint, upon information and belief has a principal office at 19365 FM 2252 #5, Garden Ridge, TX 78266. It is believed the registered agent is John Jackson and has an office at 2055 South Oneida, Denver, CO 80224. Amazon Inc. was contacted in regard to the delivery of a package to the Plaintiff. Amazon, Inc. identified Trinity Couriers and its general counsel John Jackson as entity responsible for placing the package in front of the Plaintiff's home.

3. Amazon.com Services, Inc., also known as Amazon, Inc., is a Delaware Corporation

      authorized to do business in Colorado. At all times relevant to this Complaint, upon information and belief has a principal office at 410 Terry Avenue North, Seattle, WA 98109. It is believed the registered agent is Colorado Services Corporation and has an office at 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. John Doe is an unknown delivery person who delivered a package from Amazon to Plaintiff's front door. The identity of the unknown delivery person is unknown to the Plaintiff despite the Plaintiff's best efforts to identify the individual.

5. ABC Corporation is an unknown corporation that was contracted to deliver a package from Amazon to Plaintiff's front door. The identity of the unknown corporation is unknown to the Plaintiff despite the Plaintiff's best efforts to identify the corporation. ABC Corporation was possibly contracted by Trinity Couriers or Amazon to deliver a package to Plaintiff's front door.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court

7. The facts which give rise to this Complaint occurred in Jefferson County, Colorado, and venue is proper pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

8. On or about February 12, 2017, Plaintiff heard her dog barking in the backyard of her house located at 11913 West 56th Circle, Arvada, CO 80002.

9. Plaintiff tried to find what the dog was barking about and began looking around.

10. Eventually the Plaintiff decided that the dog was alerting her of something in the front of her house.

11. As Plaintiff came to the front door she saw and heard a white van speeding away.

12. Plaintiff was concerned and wanted to get the license plate of the white van.

13. Plaintiff hurried out the front door and immediately fell.

14. Plaintiff did not know there was a package directly in front of the door. Plaintiff stepped on the package, which buckled beneath her and caused her injury.

15. Plaintiff's front door is a step up from the entrance to the house. This step makes it difficult to see unexpected objects below. This step also makes it so items left in front of the door will not be pushed out of the way when opening the door.

16. When Plaintiff fell, she was unable to walk and began to scream for help. Plaintiff's next-door neighbor heard her screams and called for an ambulance.

17. Plaintiff's husband ordered a package through Amazon.com to be delivered at her house. The package was delivered either by Amazon and its subsidiaries or contracted by a third party to be delivered to Plaintiff's house.

18. Defendant John Doe placed the package in a dangerous position that increased the likelihood an individual would be injured.

19. Defendant John Doe did nothing to warn the Plaintiff that a package was left in a dangerous position.

20. Defendant John Doe's employer failed to properly screen and, or train John Doe to safely place packages that were to be delivered.

21. Defendant Amazon.com claims that it contracted with Trinity Couriers to deliver the package subject to this case. It is unknown whether this information is true or not.

22. Amazon.com knew or should have known that its packages were being left in dangerous places. Amazon.com did not do enough to ensure packages were being placed by its employees, or contractors to ensure the safety of its clients.

23. Defendants owed a duty to Plaintiff to place packages in a safe and prudent manner and to ensure the placement of these packages is not dangerous. Defendants were negligent in that they placed a package in a place the Defendants knew a person would walk outside their house and not see it. Some if not all of Defendants' actions constitute negligence.

24. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has received personal injuries, some or all of which are permanent; has endured and will endure continuous physical, mental, and psychological pain and suffering; has suffered a permanent loss of enjoyment of life, past and future; has incurred medical and health care bills for treatment and care and will continue to do so in the future; and has lost the value of her home services past and future.

## FIRST CLAIM FOR RELIEF
**(Negligence)**

25. The Plaintiff hereby incorporates all the above paragraphs.

26. Defendants' negligent placement of the package resulted in the Plaintiff falling and injuring herself.

27. As a result of Defendant's negligence Plaintiff has suffered past and future medical bills, past and future loss of enjoyment of life, past and future pain and suffering, loss of income, past and future loss of earning capacity, physical impairment, and past and future emotional distress.

## SECOND CLAIM FOR RELIEF
### (Negligent Training)

28. The Plaintiff hereby incorporates all the above paragraphs.

29. Defendant employer of John Doe is responsible for John Doe's placement of packages, or tendency to place packages in dangerous places, which were known or should have been known by the Defendant employer after training was complete.

30. Defendant failed to take sufficient precautions in executing its responsibility in hiring and training employees and misjudging its antecedent ability to recognize a potential employee's attributes of character or prior conduct.

31. Defendant failed to exercise reasonable care in making its decision to hire.

32. As a result of the Defendant's negligent supervision and retention the Plaintiff suffered injuries and damages as more fully alleged above in this Complaint and Plaintiff hereby claims the same.

## THIRD CLAIM FOR RELIEF
### (Negligent Supervision)

33. Plaintiff hereby incorporates all the above paragraphs.

34. The Defendant employer is subject to the liability for harm resulting from John Doe's conduct because it was negligent, or reckless in the supervision of its employees.

35. Defendant knew or had reason to believe its employee John Doe was dangerous to his Defendant's clients because of John Doe's lack of attention while dropping off packages. Defendant knew or should have known that its employee John Doe's conduct would subject clients to an unreasonable risk of harm.

36. Defendant failed to exercise reasonable care in its supervision of its employee John Doe.

37. As a result of the Defendant's negligent supervision the Plaintiff suffered injuries and damages as more fully alleged above in this complaint and Plaintiff hereby claims the same.

## FOURTH CLAIM FOR RELIEF

### (Negligent Retention)

38. The Plaintiff hereby incorporate all the above paragraphs.

39. Notwithstanding Defendant's knowledge of its employee John Doe's lack of attention while dropping off packages kept John Doe as an employee.

40. Defendant failed to warn clients of John Doe's poor attention while dropping off packages.

41. Defendant failed to exercise reasonable care in making its decision to retain the employment of John Doe.

42. As a result of the Defendant's negligent supervision the Plaintiff suffered injuries and damages as more fully alleged above in this complaint and Plaintiff hereby claims the same.

### DAMAGES

43. Plaintiff hereby incorporates all the above paragraphs.

44. Defendants' negligence, intentional acts and/or permitting of activities to be conducted or allowing a condition(s) to be present on its property/premises which it knew, or reasonably should have known created an unreasonable risk(s) of injury/damage/loss caused Plaintiff to incur past, present, and future non-economic injuries, damage and losses including pain and suffering, inconvenience, emotional distress, permanent injury/disfigurement/disability and/or impairment of her quality of life.

45. Defendants' negligence, intentional acts and/or permitting of activities to be conducted or allowing a condition(s) to be present on its property/premises which it knew, or reasonably should have known created an unreasonable risk(s) of injury/damage/loss caused Plaintiff to incur past, present, and economic losses including reasonable and necessary medical expenses including physician, hospital therapy, prescription, and/or other expenses.

**WHEREFORE**, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, plus pre- and post-judgment interest, attorney fees, costs, and such further relief as this Court deems just and fair.

**Plaintiff herein demands a trial by jury on all issues so triable.**

Respectfully submitted February 11, 2019.

Law Office of Timur Kishinevsky

*Original signature on file with*
*Law Office of Timur Kishinevsky LLC.*
*/s/ Timur Kishinevsky*
Timur G. Kishinevsky, Atty. No. 31085
Attorney for Plaintiffs
2851 So. Parker Rd., Suite 645
Aurora, Colorado  80014
Tel: 720-748-8888
Fax: 720-748-8894

Plaintiffs' Address:

c/o Timur Kishinevsky
2851 South Parker Road, Suite 150
Aurora, CO 80014